UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 2:24-CR-14002

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ROBERT FRANCES GILBERT,
    Defendant.
                            /

## DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF DOWNWARD VARIANCE

**COMES NOW**, the Defendant, ROBERT FRANCES GILBERT, by and through undersigned counsel, pursuant to Rule 32, Federal Rule of Criminal Procedure and 18 USC § 3553(a), respectfully submits the following Sentencing Memorandum to assist the Court at sentencing. The Defendant hereby notifies the Court that he has received and reviewed the Amended Presentence Investigations. The Defendant respectfully requests that the Court impose a sentence below the federal sentencing guidelines based upon the following:

    1. His willingness to attend sexual offender therapy while incarcerated to facilitate rehabilitation.

    2. Based on the profile used by the undercover officer, it indicated Mr. Gilbert was speaking with a twenty (20) year-old female. His early interactions with the undercover agent were under the understanding that he was talking to an adult. This

1

was an adult website and the profile was a twenty (20) year old. After the undercover officer represented she was fourteen (14) years-old, Mr. Gilbert continued the conversation despite his better judgment and sent lude photos and videos that he deeply regrets.

3. Mr. Gilbert has taken full responsibility for his actions and entered a proffer and plea agreement offering his full cooperation with the Government.

4. Mr. Gilbert comes before this Court having pled guilty on August 23, 2025, to attempted enticement of a minor, in violation of Title 18, United States Code, Section 2422(b) [Ct. I] and attempted transfer of obscene material to a minor, in violation of Title 18, United States Code, Section 1470 [Ct. II].

5. As to Count One, the maximum term of imprisonment is ten years to life. 18 U.S.C. § 3014(a)(1). As to Count Two, the maximum term of imprisonment is ten years. 18 U.S.C. § 924(a)(1)(A). A mandatory minimum sentence of ten years represents the lowest permissible sentence that this Court can impose by law for Count One.

6. Pursuant to §4B1.5(a)(1)(B)(i), and the Government's Pre-Sentence Investigation Report, the calculated sentencing guideline range is 235 to 293 months incarceration.

7. Pursuant to the decision in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Gilbert respectfully requests this Court to impose a sentence that is "sufficient but

not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a). Mr. Gilbert is currently serving a life sentence and a departure below the guideline range will not affect his period of incarceration. The mandatory minimum sentence of ten years will adequately protect the public at large.

## Facts of the Case

The charges arise from an internet conversation with an undercover officer with the Martin County Sheriff's Office representing she was a fourteen (14) year-old female. Mr. Gilbert was engaged viewing pornographic material on a phone and happened to find a social media platform where others could speak to each other. The social media platform was for consenting adults and children were not allowed to utilize the website. Reading the profile of the undercover agent, which indicated she was twenty (20) years old, Mr. Gilbert had repeated conversations with the undercover officer, which turned sexual in nature. Mr. Gilbert requested pictures from the officer as well as sent pictures and videos of himself containing material that was sexual in nature. Mr. Gilbert notified the undercover officer that he was currently incarcerated but falsely represented that he was to be released soon. Mr. Gilbert was frequenting adult websites and looking at adult pornography. Mr. Gilbert deeply regrets not breaking off communication with the undercover agent once the undercover agent stated by message that she was 14. There are no known victims of this crime.

On August 23, 2024, the defendant pled guilty to Counts One and Two of a two-count Indictment. Count One charges him with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). Count Two charges him with attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470. The defendant agreed to abandon to the Martin County Sheriff's Office all of his right, title and interest to a TCL 5G smartphone.

## LEGAL STANDARD

### I. STANDARD FOR A VARIANCE FROM THE SENTENCING GUIDELINES

A "variance" outside the guideline range provided for in the Guidelines Manual should occur after consideration of all relevant departure provisions. *Gall v. United States*, 552 U.S. 38, 48 (2007). In some situations, a prohibited ground for departure may be a valid basis for a variance. *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009) (departure precedents do not bind district courts with respect to variance decisions but may be considered "persuasive authority"). *United States v. Clay*, 579 F.3d 919 (8th Cir. 2009) recognizes that *Gillmore* was partially abrogated by *Gall v. United States*, in that sentencing courts need not justify sentences outside the guideline range through "extraordinary" circumstances: the district court need only "take into account the § 3553(a) factors and recognize that the guidelines are not mandatory." When a defendant can show he was predisposed to commit a minor or lesser offense, but was entrapped to commit a greater offense, subject to greater

4

punishment, he may be eligible for a downward departure or variance for "sentencing entrapment." *United States v. Boykin*, 785 F.3d 1352, 1360 (9th Cir. 2015) (citing *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir.2009)). See also *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009). In the case at bar, Mr. Gilbert was using a cellular phone against prison policy to view pornographic material when he came across a social media website that allows adults to speak with each other. Anyone on the social media website must be eighteen years or older to sign up for an account; however, the undercover officer after being contacted by Mr. Gilbert, decided to engage in a lengthy conversation to gain additional evidence leading to enhanced penalties. Mr. Gilbert takes full responsibility for continuing a conversation that should have stopped upon the undercover's assertion that she was fourteen. There is no argument that Mr. Gilbert was led to the adult website and a conversation with the undercover under completely false pretenses. There are no victims due to Mr. Gilbert's actions in this case. Mr. Gilbert was on an adult website and contacting a user that had the profile of a twenty year old female. Remove the one message placed in the message stream by law enforcement and we have no crime.

## II.  RELEVANT FACTORS TO BE CONSIDERED IN SECTION 3553(A)

Post-*Booker*, a sentencing court has "greater latitude" to sentence outside the guideline range, and in "appropriate cases" may conclude that the criminal history

category overstates the severity of the defendant's criminal history or that a lower sentence would still comply with and serve the mandates of section 3553(a). *United States v. Collington*, 461 F.3d 805 (6th Cir. 2006); *United States v. McGhee*, 512 F.3d 1050 (8th Cir. 2008) (per curiam).

**Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant:**

**a. Defendant's Criminal History**

As identified in the PSI, the Mr. Gilbert has three criminal history points.

**b. Characteristics of the Defendant[1]**

The Defendant has expressed remorse for his actions and clearly has accepted responsibility for his actions. He is willing to attend treatment while incarcerated to help understand the reason for his actions, both past and present. He has demonstrated a want and ability to be rehabilitated. *States v. Martin*, 520 F.3d 87 (1st Cir. 2008) (affirming a 91-month variance down from the guideline range based in part on "the support that the defendant stood to receive from his family [and] personal qualities indicating his potential for rehabilitation;" post-Booker, "policy statements normally are not decisive as to what may constitute a permissible ground for a variant sentence in a given case") (emphasis supplied).

---

[1] *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009) (affirming downward variance from a guideline range of 41-51 months to five years' probation in a possession of child pornography case based in part on finding that the defendant did not fit the profile of a pedophile, had no history of substance abuse, no interpersonal instability, was motivated and intelligent, and had the continuing support of his family).

### f. Cooperation with the Government

*United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014) ("[A] sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a §5K1.1 motion."). Mr. Gilbert was indicted in January 2024 and entered a proffer and plea agreement quickly to avoid lengthy litigation, which would require significant Government resources. "[A] sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a §5K1.1 motion."). *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014)[2]

**Section 3553(a)(2): The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

### a. Need to Protect the Public from Further Crimes

Mr. Gilbert is currently serving a life sentence, and his current incarceration is adequate to protect the public from harm. *See United States v. Grossman*, 513 F.3d

---

[2] *See also United States v. Landrón-Class*, 696 F.3d 62 (1st Cir. 2012), cert. denied, 133 S. Ct. 1621 (2013); *United States v. Massey*, 663 F.3d 852 (6th Cir. 2011); *United States v. Leiskunas*, 656 F.3d 732 (7th Cir. 2011); *United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006); *United States v. Doe*, 398 F.3d 1254 (10th Cir. 2005).

592 (6th Cir. 2008) (affirming a downward variance from 120 months in prison to 66 months with 10 years' supervised release, and observing that the sentencing court "accounted for § 3553(a)'s concerns that the sentence protect society and deter future criminal conduct," but that "it opted to pursue those goals, not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release"). Mr. Gilbert has and will continue counseling and partake in any other prison rehabilitative resources in which he can participate.

### b. Need to Provide Just Punishment for the Offense

Mr. Gilbert recognizes and accepts just punishment for the crimes charged. He respectfully requests this Honorable Court to sentence him to a period of incarceration that will provide adequate punishment while serving the public interest. A sentence below the guideline range will accomplish the policy of providing punishment while avoiding a disparate sentence for the crimes committed. *United States v. Anderson*, 533 F.3d 623 (8th Cir. 2008) (affirming a downward variance based on "other ways in which the defendant had suffered atypical punishment such as the loss of his reputation and his company, the ongoing case against him from the Securities and Exchange Commission and the harm visited upon him as a result of the fact that his actions brought his wife and friend into the criminal justice system"). A sentence of ten years that meets the mandatory minimum more than adequately meets the punishment for the offense.

**Totality of the § 3553(a) Factors**

Courts have held that variances are not subject to the guideline analysis for departures. *See e.g. United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011), as amended (Sept. 15, 2011). "[A]lthough departures under §5K1.1 require a motion from the government, variances do not." *United States v. Massey*, 663 F.3d 852 (6th Cir. 2011). "[A] sentencing judge has the discretion to consider a variance under the totality of the § 3553(a) factors (rather than one factor in isolation) on the basis of a defendant's fast-track argument," and "such a variance would be reasonable in an appropriate case." *United States v. Arrelucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009). As the United States Supreme Court has held in *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007), sentencing courts need not justify sentences outside the guideline range through "extraordinary" circumstances: the district court need only "take into account the § 3553(a) factors and recognize that the guidelines are not mandatory."

## CONCLUSION

The totality of the factors to be considered in Section 3553(a), Mr. Gilbert's current incarceration, willingness for rehabilitation, and his prompt cooperation with the Government, should persuade this Honorable Court that the imposition of a period of incarceration below the guideline range would be aligned with the authorities cited above. For the above reasons, the Defendant, Robert Gilbert

respectfully request this Honorable Court impose a ten-year mandatory minimum sentence constituting a period of incarceration below the guideline range as punishment in this cause.

Respectfully submitted,

JEFF T. GORMAN LAW OFFICES

By: _____
Jeff T. Gorman
Florida Bar No.: 538183
47 SE Ocean Boulevard
Stuart, Florida 34994
Phone: 772.220.4000
Facsimile: 772.220.4114

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of February, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
Jeff T. Gorman
Florida Bar No.: 538183

10

## SERVICE LIST

### UNITED STATES vs. ROBERT FRANCES GILBERT
### CASE NO.: 2:24-CR-14002
### UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF FLORIDA

Jeff T. Gorman, Esq.
Jeff T. Gorman Law Offices
Florida Bar No.: 359970
47 S.E. Ocean Blvd.
Stuart, FL 34994
Tel: (772) 888-8888
Fax: (772) 380-4038
E-Mail: jgorman@jgormanlaw.com
Notices of Electronic Filing


Assistant U.S. Attorney
Justin Hoover, Esq.
101 South U.S. Highway 1,
Suite 3100, Fort Pierce, Florida 34950
E-Mail: justin.hoover@usdoj.gov
Notices of Electronic Filing